# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 20, 2020

```
* * * * * * * * * * * * * *
H.C.,                          *
                               *    UNPUBLISHED
            Petitioner,        *
                               *    No. 16-4V
v.                             *
                               *    Special Master Dorsey
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *    Interim Attorneys' Fees and Costs
            Respondent.        *
                               *
* * * * * * * * * * * * * *
```

<u>Robert J. Krakow, Esq.</u>, Law Office of Robert J. Krakow, PC, New York, NY, for petitioner.
<u>Colleen C. Hartley, Esq.</u>, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

## I.     INTRODUCTION

On January 4, 2016, H.C. ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] alleging that she received an influenza ("flu") vaccination on January 4, 2013, and thereafter developed Bell's palsy and Ramsay Hunt syndrome.  Petition at 2-3.

On March 3, 2020, petitioner filed a Motion for Interim Attorneys' Fees and Costs, requesting compensation for the attorney and paralegal who worked on her case.  Petitioner's

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Motion ("Pet. Mot."), filed Mar. 3, 2020 (ECF No. 178).  Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $132,009.60
**Attorneys' Costs** – $66,035.15

Petitioner thus requests a total of $198,044.75.  Respondent filed his response on March 6, 2020, stating that he "respectfully recommends that the Special Master exercise her discretion and determine a reasonable award."  Respondent's Response, filed Mar. 6, 2020, at 3 (ECF No. 180).  Petitioner filed a Reply on March 6, 2020.  Pet. Reply, filed Mar. 6, 2020 (ECF No. 182).

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned GRANTS petitioner's motion in part and awards **$197,281.21** in interim attorneys' fees and costs.

## II.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith  and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Over the past five-and-a-half years, petitioner's counsel has expended significant time and resources to advance this claim.  An entitlement hearing is to be held on March 23-24 of 2021.  Moreover, the claim appears at this point to have been brought in good faith and built on a reasonable basis.  The undersigned thus finds that an award of interim attorneys' fees and costs is appropriate here.

### A.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a Court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the Court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

2

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

### i.  Reasonable Hourly Rate

Here, petitioner requests the following hourly rates for the attorney and paralegal who worked on this matter:

**Robert Krakow – Attorney**
>2014: $369.00
>2015: $413.00
>2016: $425.00
>2017: $435.00
>2018: $450.00
>2019: $464.00
>2020: $484.00

**Paralegal**
>2014: $125.00
>2015: $125.00
>2016: $125.00
>2017: $140.00
>2018: $150.00
>2019: $156.00
>2020: $163.00

The Court has previously held that Mr. Krakow's rates for himself and his paralegal for 2014-2019 are reasonable.  See Jones v. Sec'y of Health & Human Servs., No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019) (awarding between $125-$156/hour for paralegals and awarding between $425-$464/hour for 2016-2019, respectively, for Robert Krakow); Austin v. Sec'y of Health and Human Servs., No. 05-579V, 2019 WL 4126538, at *2-3 (Fed. Cl. Spec. Mstr. July 31, 2019) (same); A.H. v. Sec'y of Health & Human Servs., No. 16-934V, 2020 WL 1227209, at *2 (Fed. Cl. Spec. Mstr. Feb. 19, 2020 (same); and Lubin v. Sec'y of Health & Human Servs., No. 17-1147V, 2019 WL 4911070, at *1 (Fed. Cl. Spec. Mstr May 17, 2019) (same).  Therefore, the undersigned finds these rates to be reasonable and will award them in full.

Additionally, the Office of Special Masters Attorney Forum Hourly Rate Fee Schedule for 2020 provides a range of $433-$484 per hour for an attorney with 31+ years of experience.[3] Taking into account Mr. Krakow's forty years of experience as an attorney, experience with the Vaccine Program, and New York attorney forum rates, which are comparable to the forum rates of a similar attorney in Washington D.C., the undersigned finds it reasonable to award Mr. Krakow a rate of $484 per hour for the year 2020.

For the paralegal, petitioner requested the rate of $163 per hour for work performed in 2020.  The undersigned finds this rate reasonable and awards it in full.

### ii.  Reasonable Number of Hours Expended

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521.

The undersigned finds Mr. Krakow's and his paralegal's time entries are appropriate for an attorney and paralegal and the number of hours billed are reasonable.

### B.  Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requested a total of $66,035.015 in attorneys' costs.  $3,021.61 of these costs consist of: $400.00 filing fee, $2,466.01 acquiring medical records, and $155.60 acquiring medical literature, shipping, postage, photocopying.  See generally Pet. Mot. at Exhibit ("Ex.") 53-Tab 4.  The undersigned finds that petitioner has provided adequate documentation for these costs and will award them in full.

Petitioner also requested $62,250.00 for work performed by Dr. M. E. Gershwin and Dr. Scott Zamvil for review of medical records and production of expert reports.  Dr. Gershwin billed 48 hours at an hourly rate of $500.00, and Dr. Zamvil billed 76.5 hours at an hourly rate of

---

[3] See The 2020 OSM Attorneys' Forum Hourly Rate Fee Schedule, accessed at: https://www.uscfc.uscourts.gov/node/2914.

$500.00.  The undersigned finds that petitioner has provided adequate documentation for these costs and will award them in full.

Petitioner also states that while represented by counsel, petitioner did not incur costs related to the litigation of this matter.  Pet. General Order #9 (ECF No. 179).

Additionally, the undersigned notes that petitioner's counsel asked for $66,035.15 of total costs in the argument section of his Motion for Interim Attorneys' Fees and Costs; but also, petitioner's counsel performed a calculation of the costs in Exhibit 53-Tab 3 totaling $65,262.19. After reviewing all of the documentation filed to support the petitioner's counsel's total costs, the undersigned finds Mr. Krakow incurred $65,271.61 of attorneys' costs.  Thus, based on the foregoing, the undersigned finds that petitioner is entitled to $65,271.61.

## III.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 132,009.60 |
| Awarded Attorneys' Fees: | $ 132,009.60 |
| | |
| Requested Attorneys' Costs: | $ 66,035.15 |
| Awarded Attorneys' Costs: | $ 65,271.61 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 197,281.21** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $197,281.21, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Robert J. Krakow.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.