# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 30, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| H.C., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-4V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY for Petitioner.
Colleen Hartley, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On January 4, 2016, H.C. ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that alleging that as a result of an influenza ("flu") vaccination on January 4, 2013, Petitioner suffered from Ramsay Hunt Syndrome. Petition at 2-3, 7 (ECF No. 1). On March 23, 2020, the undersigned awarded Petitioner interim attorney's fees and costs through February 28, 2020. Decision dated Mar. 20, 2020 (ECF No. 186). On June 16, 2021, the undersigned issued a decision dismissing the petition. Decision dated May 9, 2022 (ECF No. 272).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

On July 7, 2022, Petitioner filed a motion for final attorneys' fees and costs. Petitioner's Motion for Final Attorneys' Fees and Costs ("Pet. Mot."), filed July 7, 2022 (ECF No. 280). Petitioner seeks compensation in the amount of $240,095.80, representing $196,102.30[3] in attorneys' fees and $43,993.50 in costs. Id. at 2, 25. Respondent filed a response on July 8, 2022, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed July 8, 2022, at 2 (ECF No. 281). Petitioner filed a reply on July 8, 2022, relying on the facts, law, and argument presented in her motion. Pet. Reply to Resp. Response ("Pet. Reply"), filed July 8, 2022 (ECF No. 282). The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion and awards a total of $240,095.80.

## I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is

---

[3] On one page Petitioner put $195,708.55. Pet. Mot. at 2. However, upon review, Petitioner's attorneys' fees equal $196,102.30. Id. at 24. This does not change the total amount sought of $240,095.80.

2

"well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i.     Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Robert Krakow, $484.00 per hour for work performed in 2020, $509.00 per hour for work performed in 2021, and $525.00 per hour for work performed in 2022; and for associate Mr. Elan Gerstmann, $445.00 for work performed in 2020, $475.00 for work performed in 2021, and $497.00 per hour for work performed in 2022. Pet. Mot. at 9. Petitioner also requests the following rates for work of her counsel's paralegal: $163.00 per hour for work performed in 2020, $172.00 per hour for work performed in 2021, and $177.00 per hour for work performed in 2022.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work and finds them to be reasonable herein. Thus, the undersigned grants the requested rates.

### ii.     Reasonable Hours Expended

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. However, the undersigned finds an adjustment in fees necessary due to a mathematical error of $393.75. The undersigned notes that Petitioner asked for $195,708.55 for total fees in her motion for final attorneys' fees and costs. Pet. Mot. at 2, 24. But Petitioner also provided a breakdown of that total: $139,508.10 for Mr. Krakow, $56,106.60 for Mr. Gerstmann, and $487.60 for paralegal fees. Id. at 24. Petitioner provided contemporaneous billing records as well as calculations of the hourly rates and hours expended

3

to support that the breakdown of the fees is correct, totaling $196,102.30, not $195,708.55. Pet. Exhibit ("Ex.") 69, Tab 2 at 66; Pet. Ex. 69, Tab 7 at 19; Pet. Ex. 69, Tab 8 at 2. After reviewing all of the supporting documentation filed, the undersigned finds that Petitioner's counsel incurred $196,102.30 in attorneys' fees. Thus, based on the foregoing, the undersigned finds that Petitioner is entitled to $196,102.30 in final attorneys' fees.[4]

### B. Attorneys' Costs

Petitioner requests a total of $43,993.50 in attorneys' costs. This amount is comprised of acquiring documentation and for work performed by Petitioner's experts, Dr. Scott Zamvil and Dr. M. Eric Gershwin. Pet. Mot. at 18; Pet. Ex. 69, Tabs 3-6. The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $195,708.55 |
| **Total Attorneys' Fees Awarded** | **$196,102.30** |
| | |
| Attorneys' Costs Requested | $43,993.50 |
| **Total Attorneys' Costs Awarded** | **$43,993.50** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$240,095.80** |

**Accordingly, the undersigned awards $240,095.80 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Robert J. Krakow.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Again, this does not change the total amount requested.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.